**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHRISTOPHER NEAL, # K-84358,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-01185-JPG** |
| | ) | |
| **TIMOTHY R. VEATH,** | ) | |
| **JASON N. HART,** | ) | |
| **and REBECCA COWEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Christopher Neal, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that Menard's adjustment committee added a "dangerous disturbance" disciplinary charge to his record without his knowledge, following his admission of guilt to fighting. Plaintiff spent five additional months in segregation as punishment for the undisclosed charge, which was expunged after he served the time. In connection with these events, Plaintiff now sues three members of the adjustment committee, including Lieutenant Timothy Veath (chairman), Jason Hart (member), and Rebecca Cowen (investigator). Plaintiff seeks monetary damages (Doc. 1, p. 17). He also seeks a preliminary injunction in the form of a prison transfer, in order to avoid retaliation by Menard officials for filing this action (Doc. 2).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to

dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After considering the allegations in light of this standard, the Court finds that the complaint survives threshold review.

**The Complaint**

Plaintiff has allegedly been housed at Menard twice since 2005. He was first housed there from March 2005 until June 2009 (Doc. 1, p. 6). While working in the healthcare unit

("HCU"), he was placed under investigation and sent to segregation on May 23, 2009. During the investigation, Plaintiff was asked whether he had problems with any employees in the HCU. He was also asked whether he had ever been in a closed office with a female staff member. At the conclusion of the investigation, Plaintiff was released from segregation and allowed to return to work in the HCU.

When Plaintiff reported to work on June 19, 2009, Defendant Veath asked him what he was doing there. Plaintiff explained that he was returning to work. Defendant Veath allegedly responded by stating, "I[nternal affairs] don't run nothing. I run the healthcare and I sent you to seg where you should have stayed" (Doc. 1, p. 6). Defendant Veath then ordered an officer to escort Plaintiff to a shower, while he made several phone calls. On June 24, 2009, Plaintiff was transferred from Menard.

Plaintiff returned to Menard on January 2, 2013 (Doc. 1, p. 6). More than ten months later, Plaintiff was placed in segregation (Doc. 1, p. 7). He received a disciplinary ticket for 301-Fighting. At his disciplinary hearing, Defendant Veath said, "Mr. Neal[,] I see you are back with us[.] [L]ong time no see[.] [W]hat are you here for?" (Doc. 1, p. 7). Defendant Cowen explained that Plaintiff was before the adjustment committee for a fighting charge. She handed Defendant Veath the ticket. After he read Plaintiff the charge for 301-Fighting, Plaintiff indicated that he was guilty. Defendant Veath then instructed him to return to his cell. At the time, Defendant Veath did not indicate what Plaintiff's punishment would be.

However, Plaintiff allegedly made the decision to plead guilty after reviewing Menard's Inmate Manual, which indicated that the rule violation carried with it a punishment of only thirty days in segregation. Plaintiff expected to be released from segregation around

November 15, 2013 (Doc. 1, p. 7). Due to delays in receiving the hearing summary, Plaintiff was unaware of the exact terms of his punishment.

On October 30, 2013, Plaintiff asked an officer, C/O Davis, when he would be released from segregation (Doc. 1, p. 8). After looking into the issue, C/O Davis indicated that Plaintiff would not be released until April 17, 2014. Rather than one month in segregation, Plaintiff received six months of segregation, C-grade, and commissary restriction.

Plaintiff realized why when he saw a copy of the disciplinary ticket. It contained an additional handwritten charge for 105-Dangerous Disturbance (Doc. 1, p. 9). This additional charge was not included on the ticket that he received, and the charge was not mentioned at his disciplinary hearing. He claims that a member of the adjustment committee added the charge without his knowledge.

The Administrative Review Board ("A.R.B.") ultimately agreed that Plaintiff should not have been punished for the 105-Dangerous Disturbance charge (Doc. 1, p. 9). The A.R.B. recommended expunging the dangerous disturbance charge from Plaintiff's disciplinary record and reducing his punishment to one month of segregation, C-grade, and commissary restriction (Doc. 1, p. 20). Unfortunately for Plaintiff, this recommendation was made on July 7, 2014, nearly three months after he served six months in segregation.

While in segregation, Plaintiff was confined to his cell for twenty-four hours per day. He was denied contact visits, access to religious services, and all other privileges that an inmate in the general population enjoys. He lost the opportunity to work and earn state pay of $10.00 per month for five months (Doc. 1, p. 9). In January 2014, Plaintiff was also bitten by an insect, and the wound "still hasn't cleared up" after using an antibiotic ointment to treat it (Doc. 1, p. 11).

After his release from segregation, Plaintiff was placed in a cell house that is set aside for the most highly aggressive inmates (Doc. 1, p. 10). His cell was filthy. The toilet did not work, and human feces lined the wall. The light in the cell remained on at all times. When Plaintiff complained, he was moved to a cell that was allegedly worse, although the complaint provides no description of the conditions. Plaintiff's grievances were ignored.

He now sues Defendants Veath, Hart, and Cowen for retaliation for filing grievances in violation of the First Amendment, for cruel and unusual punishment in violation of the Eighth Amendment, and for the denial of due process in violation of the Fourteenth Amendment (Doc. 1, pp. 10-12). Although not named in the case caption, Plaintiff also names Warden Harrington and Sergeant Shultz in connection with the Eighth and Fourteenth Amendment claims (Doc. 1, pp. 13-14). Plaintiff seeks monetary damages, and an immediate prison transfer (Doc. 2).

## Discussion

The Court finds it convenient to divide the complaint into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** **Defendants Veath, Hart, Cowen, Sergeant Shultz, and Warden Harrington violated Plaintiff's right to due process of law in connection with the 105-Dangerous Disturbance charge and in violation of the Fourteenth Amendment;**

**Count 2:** **Defendants Veath, Hart, Cowen, Sergeant Shultz, and Warden Harrington subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment; and**

**Count 3:** **Defendants Veath, Hart, and Cowen retaliated against Plaintiff for filing grievances in violation of the First Amendment.**

**Count 1 – Fourteenth Amendment Due Process Claim**

After carefully considering the allegations, the Court finds that the complaint states a colorable Fourteenth Amendment procedural due process claim (**Count 1**) against Defendants Veath, Hart, and Cowen in connection with their handling of his 2013 disciplinary charges. However, Plaintiff shall not be allowed to proceed with the claim against Sergeant Shultz or Warden Harrington.

An "inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff, et al.*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Under certain circumstances, however, an inmate punished with segregation can pursue a claim for deprivation of a liberty interest without due process of law. *See Marion*, 559 F.3d at 697-98. Those circumstances are arguably present in this case.

The complaint alleges that Plaintiff was denied due process in the conduct of his disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974) (to satisfy due process concerns, inmate must be given advance written notice of the charge, the right to appear before the hearing panel, the right to call witnesses if prison safety allows, and a written statement summarizing the reasons for the discipline imposed); *Black v. Lane*, 22 F.3d 1395 (7th Cir. 1994) (disciplinary decision must be supported by "some evidence"). According to the allegations, Defendants Veath, Hart, and Cowen forged a disciplinary charge against Plaintiff and found him guilty without first notifying him of the charge or addressing it at a hearing. The complaint suggests that this violated the requirements for due process set forth in *Wolff*.

In addition, Plaintiff was punished with six months of segregation, C-grade, and commissary restriction. He claims that he should not have been required to serve five of these months. Whether a protected liberty interest is implicated by Plaintiff's confinement depends on

whether that confinement "imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Courts must consider two factors in determining whether disciplinary segregation imposes atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id.* at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original)).

In this case, Plaintiff was placed in segregation for six months—that is, five months longer than he allegedly should have been. He also claims that he was subjected to unconstitutional conditions of confinement during this time period. Under the circumstances presented as a whole in the complaint, the Court finds that further factual inquiry into the conditions of Plaintiff's confinement is warranted. Accordingly, Plaintiff shall be allowed to proceed with Count 1 at this time.

However, he shall only be allowed to proceed with this claim against Defendants Veath, Hart, and Cowen. They were the only defendants directly involved in the disciplinary charge and subsequent hearing. No Fourteenth Amendment due process claim has been stated against Sergeant Shultz or Warden Harrington.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under Section 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). No allegations suggest that either of these defendants played a role in bringing the dangerous disturbance charge, depriving Plaintiff of a hearing on it, or imposing the

punishment for it. By all indications, neither of these individuals knew about the incident until after it occurred.

Further, liability for the alleged due process violation does not attach to Warden Harrington, based solely on his subsequent denial of a grievance. In addition, Sergeant Shultz's somewhat vague agreement to "look into [the] matter" does not give rise to liability (Doc. 1, p. 8). Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Based on the foregoing discussion, **Count 1** shall proceed against Defendants Veath, Hart, and Cowen, but not Sergeant Shultz or Warden Harrington.

**Count 2 – Eighth Amendment Conditions of Confinement Claim**

The complaint fails to articulate a viable claim against any Defendants under the Eighth Amendment for unconstitutional conditions of confinement (**Count 2**). The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). Jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*,

511 U.S. 825, 834 (1994) (citation omitted); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)). "[C]onditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Id.* (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)). In this case, Plaintiff has identified numerous conditions, such as an unclean cell, insect problems, lighting issues, and plumbing problems that may support an Eighth Amendment claim. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on the severity, duration, nature of risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).

However, he has failed to demonstrate that any Defendant exhibited deliberate indifference toward the conditions he faced. To establish deliberate indifference, a prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. The complaint offers only conclusory statements about Defendants' knowledge of his conditions—somehow suggesting that Defendants must have known that he would face bad conditions by forging the disciplinary charge and triggering a chain of events that led to his confinement in deplorable conditions. This is not enough to establish deliberate indifference on the part of any particular Defendant. And while the complaint does allege that Plaintiff "complained to officers" about his cell and was moved a "few days later," this vague reference to "officers" is insufficient to establish knowledge or deliberate indifference on the part of any specific Defendant (Doc. 1, p. 10).

Accordingly, **Count 2** shall be dismissed without prejudice.

**Count 3 – Retaliation Claim**

Finally, the Court will allow Plaintiff to proceed with a retaliation claim (**Count 3**) against Defendants Veath, Hart, and Cowen at this early stage. In the prison context, where an inmate is alleging retaliation, the inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Id.*

The allegations describe a history of poor relations between Defendant Veath and Plaintiff. In the process of doing so, the complaint suggests that Defendant Veath may have retaliated against Plaintiff for filing grievances against him over the years by denying him a fair hearing on the dangerous disturbance charge, thereby triggering the chain of events described in the complaint, i.e. Plaintiff's movement to segregation and increasingly worse living conditions. The complaint suggests that Defendants Cowen and Hart played a role in this incident, although it is not altogether clear at this point who did what. For now, the Court will allow Plaintiff to proceed with **Count 3** against Defendants Veath, Hart, and Cowen, although the Court expresses no opinion regarding the ultimate merits of this claim. Plaintiff does not name anyone else in connection with this claim.

**Pending Motions**

**1. Motion for Recruitment of Counsel (Doc. 4)**

Plaintiff has filed a motion for recruitment of counsel, which shall be referred to a **United States Magistrate Judge** for a decision.

**2. Motion for Preliminary Injunction (Doc. 2)**

Plaintiff has also filed a motion for preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65(a). In it, he seeks a prison transfer. Plaintiff "feels that he will be retaliated against if he remains in Menard Corr. Center" because he "filed a complaint against Menard Corr. Center['s] Adjustment Committee" (Doc. 2, p. 2). He also "feels that he will never have a fair hearing at Menard Corr. Center if Plaintiff had to hear any tickets" (*Id.*).

A preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Plaintiff's request for injunctive relief must be denied. There is virtually no likelihood that he would succeed on the merits of this argument because Plaintiff's request for relief is based on conduct that has not yet occurred and, by all indications, has not been threatened or suggested by anyone. Plaintiff speculates that the filing of this lawsuit against the adjustment committee will result in retaliation in the form of future unfair disciplinary hearings. If that

happens, he can seek recourse through the prison grievance system and then, if necessary, the Court. If a more immediate concern arises during the pendency of this lawsuit that is directly related to the claims herein, Plaintiff can bring a second motion for injunctive relief. However, the Court cannot grant this prisoner's request for a prison transfer, based on fear of retaliation for filing a lawsuit, without running the risk that every prisoner seeking a transfer will simply file a lawsuit and make the same request. Accordingly, the request for a preliminary injunction is hereby **DENIED**.

**Disposition**

The **CLERK** is **DIRECTED** to add **SERGEANT SHULTZ** as a **DEFENDANT** to this action.

**IT IS HEREBY ORDERED** that Plaintiff's motion for preliminary injunction (Doc. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**AS TO COUNTS 1** and **3**, the Clerk of Court shall prepare for **DEFENDANTS TIMOTHY VEATH, JASON HART, REBECCA COWEN,** and **SERGEANT SHULTZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent

authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 4). Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 24, 2014**

***s/ J. Phil Gilbert***
**U.S. District Judge**